IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-cv-000157-BO

| | |
|---|---|
| CAROLYN PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF LAW IN SUPPORT** |
| v. ) | **OF MOTION TO DISMISS** |
| ) | Local Civil Rules 7.1(d) and 7.2, E.D.N.C. |
| WAKE TECHNICAL COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

Defendant Trustees of Wake Technical Community College ("WTCC"), by and through its attorneys, and pursuant to Local Civil Rules 7.1(d) and 7.2, E.D.N.C., submits this Memorandum of Law in Support of its Motion to Dismiss. For the following reasons, WTCC respectfully requests that its Motion to Dismiss be GRANTED.

## STATEMENT OF THE CASE

Plaintiff filed this action with the United States District Court for the Eastern District of North Carolina captioned as *Carolyn Porter v. Wake Technical Community College*, Civil Action No. 5:12-CV-00157, on March 23, 2012. WTCC received the Complaint and Civil Summons on March 30, 2012.

Plaintiff seeks declaratory relief and monetary damages, including punitive damages, based on claims arising from her employment with WTCC. Plaintiff contends she was discriminated against on the basis of her disability in violation of Title I and Title V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff further contends she was retaliated against for asserting rights associated with her disability claim. Finally,

1

Plaintiff also seeks damages under a claim for Intentional Infliction of Emotional Distress ("IIED").

On April 5, 2012, this Court granted WTCC an extension of time to respond to the Complaint up to and including May 21, 2012.

WTCC timely filed a Motion to Dismiss the Complaint under Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff began working for WTCC in April 2005. Compl. ¶¶ 13, 18. Plaintiff claims that WTCC failed to provide her with reasonable accommodations, discriminated, and retaliated against her. Compl. ¶ 2. Plaintiff claims she suffers from fibromyalgia, in addition to chronic myofacial pain, Vitamin D deficiency, Vitamin B deficiency, seasonal affective disorder, immobility issues, occipital nerve damage, and other medical issues. Compl. ¶¶ 13, 14. Plaintiff also claims that her conditions require various accommodations including exposure to sunlight, an altered or reduced work schedule, frequent breaks for rest, and allowances for coping mechanisms. Compl. ¶ 15.

In June 2010, Plaintiff requested a window seat as an accommodation for her fibromyalgia. Compl. ¶ 35. WTCC accommodated Plaintiff with a UV lamp in accordance with a note received from Plaintiff's doctor stating that such a lamp was needed. Compl. ¶ 48. Plaintiff claims that WTCC's failure to accommodate her request for a window seat was based on a refusal to grant Plaintiff reasonable accommodations. Compl. ¶ 52. In November 2010, Plaintiff requested an assigned parking spot near the building. Compl. ¶ 58. Plaintiff alleges that she made repeated requests about the parking space and was denied each time. Compl. ¶ 64. Plaintiff was eventually granted the assigned parking spot she requested. Compl. ¶ 65.

Plaintiff believes that she was discriminated against by her immediate supervisor when she began to receive frequent write-ups for issues such as tardiness, sleeping at her desk, attitude, and other matters. Compl. ¶ 66. Plaintiff alleges that the write-ups she received were given with the intention of inflicting emotional distress, establishing a basis for termination, and/or forcing Plaintiff to resign. Compl. ¶ 70. On February 8, 2011, Plaintiff claims she was written up for having a disorganized desk space, and further alleges that she was forced to change the organization of her desk. Compl. ¶¶ 71, 73.

Plaintiff alleges that she was in and out of the hospital between July 14 and July 18, 2011, and she notified her supervisor of her absence from work during this time. Compl. ¶¶ 75-80. Plaintiff does not allege that she notified her supervisor of her plan to be absent from work on July 19, 2011. On July 20, 2011, when Plaintiff returned to work, she asserts she was issued another write-up for her absences and failure to properly notify her supervisors. Compl. ¶ 81. Plaintiff claims she felt ill due to vertigo on July 27, 2011, and her supervisor took a picture of her in distress to use against her. Compl. ¶¶ 82-85.

On August 8, 2011, Plaintiff's counsel spoke with the assistant to WTCC's general counsel and requested a mailing address for the purpose of sending a draft EEOC complaint on behalf of Plaintiff. Compl. ¶¶ 88, 89. Plaintiff claims that on the same day she was called into a meeting with her supervisors and issued a disciplinary write-up and placed on probation. Compl. ¶ 92. Plaintiff does not allege that the general counsel's office or the person she spoke with there told Plaintiff's supervisors or anyone else about the call from Plaintiff's counsel. At the conclusion of Plaintiff's initial 30-day probation, the decision was made to extend the probationary period an additional 30 days. Compl. ¶ 96. When Plaintiff received the 30-day extension to her probationary period, she filed a grievance with WTCC, complaining of her

supervisor's actions of issuing continuous write-ups, and WTCC's action of extending her probation arbitrarily and refusing her request to be reassigned to different job duties on the basis of her probationary status. Compl. ¶¶ 97, 101.

On September 20, 2011, Plaintiff was terminated by WTCC. Compl. ¶ 103. Plaintiff claims that her termination was retaliatory for her continued opposition of the discriminatory practices of WTCC. Compl. ¶ 104.

## STANDARD OF REVIEW

The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, viewing the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994). However, a plaintiff has "the burden . . . to allege facts sufficient to state all the elements of her claim." *Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (affirming Rule 12(b)(6) dismissal of plaintiff's claim of "hostile work environment" discrimination), *cert. denied*, 540 U.S. 940 (2003). "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Bass*, 324 F.3d at 765 (emphasis in original). A motion to dismiss under Rule 12(b)(6) will succeed if a plaintiff fails to establish a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Payne v. Whole Foods Market Group, Inc.,* 812 F.Supp.2d 705, 708 (E.D.N.C. 2011) (granting defendant's motion to dismiss plaintiff's claims of wrongful discharge and intentional infliction of emotional distress for failure to establish a plausible claim for relief).

4

On a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Rule 12(b)(2) for lack of personal jurisdiction, the burden is on the party asserting jurisdiction to establish that jurisdiction does exist. *See, eg.*, *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Where the defendant has provided evidence that denies facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element that has been denied by the defendant and on which the defendant has presented evidence. *Vogel v. Wolters Kluwer Health, Inc.*, 630 F. Supp. 2d 585, 594 (M.D.N.C. 2008). Similarly, on a motion to dismiss pursuant to Rule 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process, plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4. *See, eg.*, *McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 474 (M.D.N.C. 2004); *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS UNDER THE ADA SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION BECAUSE PLAINTIFF DID NOT FILE A CHARGE OF DISCRIMINATION WITHIN 180 DAYS OF WTCC'S ALLEGED ILLEGAL ACTS.

Title I of the ADA requires that a complainant first file a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See, e.g., Davis v. Virginia Commonwealth University*, 180 F.3d 626, 628, n.3 (4th Cir. 1999) (noting the exhaustion requirement under the ADA). The ADA specifically incorporates the statute of limitations of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(e)). The "180-day rule" is a jurisdictional requirement. A plaintiff's failure to file such a complaint in a timely fashion with the EEOC results in the claim being time-barred in federal

court.  *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994), cert. denied, 513 U.S. 1151, 115 S. Ct. 1101, 130 L. Ed. 2d 1069 (1995).

In order for the Court to ascertain whether it can exercise jurisdiction over Plaintiff's claim and whether she satisfied the 180-day limitation period contained in Title VII, the Court may consider her Charge of Discrimination filed with the EEOC, attached as Exhibit 1 to Defendant's Motion to Dismiss.  The Court may properly consider this document in its evaluation of the claims asserted by Plaintiff without converting the Defendant's motion to dismiss into one for summary judgment.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (recognizing that when a defendant contends that jurisdictional allegations in a complaint are not true, the reviewing court may go beyond the allegations in the complaint on a motion to dismiss to determine whether there are facts to support the jurisdictional allegations); *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994) ("We now hold that a court may consider an undisputedly authentic document that a Defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").[1]

Plaintiff filed Charge No. 433-2011-03392 complaining of disability discrimination and retaliation on October 13, 2011.  *See* Exhibit 1, Motion to Dismiss.  The dates that discrimination took place are listed as July 1, 2010 through September 20, 2010, and the box for "continuing action" is not checked.  The narrative description of the alleged discrimination lists July 15, 2010 through September 20, 2010 as the dates of discrimination. Based on the dates alleged in the Charge, the 180-day time period for Plaintiff to file her complaint with the EEOC expired on

---

[1] If this Court converts this motion to dismiss into one for summary judgment following a review of the attached Charge of Discrimination, WTCC specifically asks that this Court consider this only as a limited motion for summary judgment on the sole ground that Plaintiff failed to file her Charge of Discrimination with the EEOC within 180 days of the alleged discriminatory act.  WTCC specifically reserves the right to seek summary judgment on other grounds should that be appropriate.

March 19, 2011. That date was a Saturday, so presumably Plaintiff could have submitted her Charge to the EEOC on the following Monday, March 21. The Charge, however, is signed on October 13, 2011 and stamped October 17, 2011, several months too late. Because of the dates indicated on the Charge, Plaintiff has also failed to exhaust her administrative remedies with respect to her discrimination claim for any acts after September 20, 2010, as she did not include these claims in her charge of discrimination filed with the Equal Employment Opportunity Commission on October 13, 2011. Exhaustion of administrative remedies is required under North Carolina law before resort to judicial relief. [2] *See Williams v. New Hanover*, 104 N.C. App. 425, 409 S.E.2d 753 (1991).

Because Plaintiff filed her Charge of Discrimination more than 180 days following the date of WTCC's alleged discriminatory conduct and failed to exhaust the administrative remedies available to her, her ADA claims should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND DEFECTIVE PROCESS AND SERVICE OF PROCESS.

Plaintiff purports to name "Wake Technical Community College" as the defendant in her Complaint. Under North Carolina law, the "Trustees of Wake Technical Community College" is the body corporate and the entity responsible for defending suits against WTCC. *See* N.C. Gen. Stat. § 115D-14. "Wake Technical Community College" cannot be a named defendant in this action because, as a matter of law, no such legal entity exists. The Complaint and Civil Summons in this matter name "Wake Technical Community College" as a defendant, and therefore, WTCC asserts the defenses of lack of personal jurisdiction pursuant to Rule 12(b)(2),

---

[2] Plaintiff also failed to follow the appeal and other procedures outlined in WTCC's published Employee Grievance Procedure, and her claims would likewise be barred by this failure to exhaust the established administrative remedies.

insufficiency of process pursuant to Rule 12(b)(4) and insufficiency of service of process pursuant to Rule 12(b)(5) with respect to purported defendant WTCC and moves for its dismissal from this action. (DE 1, 3). *See Revels v. Oxendine*, 263 N.C. 510, 139 S.E.2d 737 (1965) (holding that only the Robeson County Board of Education was vested with authority to sue or be sued); *see also Miller v. Henderson*, 71 N.C. App. 366, 371, 322 S.E.2d 594, 598 (1984) (holding that board of education has power and obligation to prosecute and defend suits for and against the corporation).

### III. PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS UNDER THE ADA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In addition to failing due to a lack of jurisdiction, Plaintiff's first and second employment discrimination claims should be dismissed due to a failure to state any claim.

A.  Standard of Review

Although employment discrimination claims carry no heightened pleading standard, a plaintiff must plead facts sufficient to state all the elements of her claim. *Blackburn v. Trustees of Guilford Technical Community College*, 733 F. Supp. 2d 659, 662 (M.D.N.C. 2010) (granting defendant employer's motion to dismiss former custodian's disability discrimination claim because complaint failed to provide some allegation specifically indicating that custodian was a qualified individual under the ADA). In reviewing the legal sufficiency of a complaint, the Court cannot assume facts or allegations not contained in the complaint. *Estate Const. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220-221 (4th Cir. 1994). Mere allegations that a defendant violated the law are insufficient to survive a motion to dismiss made under Rule 12(b)(6). *Id.* Allegations in a complaint "must be stated in terms that are neither vague nor conclusory." *Id.* A plaintiff's obligations "require more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Blackburn*, 733 F. Supp. 2d. at 661, quoting *Twombly*, 550 U.S. at 555.

      B.     <u>Plaintiff Fails to Allege Facts Sufficient to Support a Claim of Failure to Accommodate against WTCC</u>.

Plaintiff fails to allege in her Complaint that WTCC failed to provide reasonable accommodations. To establish a prima facie case of discrimination for failure to accommodate under the ADA, a plaintiff must demonstrate that (1) her disability substantially limits her ability to perform one or more major life functions; (2) her employer was aware of her disability; (3) with reasonable accommodations, she could perform the essential functions of the position; and (4) her employer refused to make such accommodations. *Dicksey*, 522 F. Supp. 2d at 746-47.

Plaintiff fails to allege facts that show WTCC refused to provide reasonable accommodations. By Plaintiff's own admission, WTCC provided her with the accommodations she and her doctor requested to assist her in her job functions: (1) a UV lamp and (2) an assigned parking space. Compl. ¶¶ 55, 65. The only accommodation Plaintiff alleges that WTCC did not provide was a reassignment to a similar position in a different department. Compl. ¶¶ 98-101. However, the ADA only requires an employer to consider job reassignment if the employee cannot be reasonably accommodated in her current position. *See Petty v. Freightliner Corp.*, 113 F. Supp. 2d 808, 810 (W.D.N.C. 2000). An employer will violate the ADA by rejecting a proposed accommodation without first conducting an analysis to determine whether the proposed accommodation is reasonable. *Bryant v. Better Business Bureau of Greater Maryland, Inc.,* 923 F.Supp. 720, 740-41 (D. Maryland 1996). Plaintiff admits in her Complaint that she was informed that WTCC does not have a policy to transfer employees between departments, but that employees are free to apply for available positions. Compl. ¶ 99. By providing this information

9

Case 5:12-cv-00157-BO   Document 10   Filed 05/21/12   Page 9 of 19

to Plaintiff, WTCC both considered the reasonableness of the requested accommodations, and then provided Plaintiff with information about how to apply for a vacant position.

Because Plaintiff has not alleged facts that show that WTCC denied her reasonable accommodations and has alleged facts that show she was provided reasonable accommodations, she has not established a prima facie case of discrimination for failure to accommodate and this claim should be dismissed.

> C. <u>Plaintiff Fails to Allege Facts Sufficient to Support a Claim of Discriminatory Discharge against WTCC</u>.

Plaintiff's has also failed to plead sufficient facts to support an employment discrimination claim under the ADA. Title I of the ADA provides that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to discharge and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112. To establish a prima facie case of discriminatory discharge under Title I of the ADA, Plaintiff must prove: (1) she has a disability; (2) she is a qualified individual; and (3) in discharging her, her employer discriminated against her because of her disability. *See. e.g. Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir. 1997); *Blackburn*, 733 F. Supp. 2d at 662. In making this claim, a Plaintiff must show that she was performing the job at a level that met her employer's legitimate expectations at the time of her termination. *See Dicksey v. New Hanover County Sheriff's Dept.*, 522 F. Supp. 2d 742, 746 (E.D.N.C. 2007). A discriminatory discharge claim requires a plaintiff to show that she is "qualified", meaning she can perform the essential functions of the position, with or without reasonable accommodations. *Id*. at 747. Thus, the complaint must allege facts that show she could perform her essential job functions with or without reasonable accommodations in order to state a claim. *Blackburn*, 733 F. Supp. 2d at 664.

10

In *Blackburn*, the court directly addressed the sufficiency of plaintiff's allegations regarding her status as a "qualified individual", and ultimately dismissed the claim for failure to allege this element. 733 F. Supp. 2d at 666. Blackburn, a former custodian at a community college, was terminated from her position after her doctor prescribed significant work restrictions to accommodate her after an injury and, as a result, her employer determined she could not perform essential duties of her job. The court found that Blackburn failed to allege that she was a qualified individual or any facts demonstrating that she could perform the essential functions of her job; while Blackburn was entitled to reasonable inferences, "the court cannot infer an element of her claim that is not alleged." *Id*. at 664.

Similarly, Plaintiff fails to allege that she is a qualified individual or any facts that would support this element of her claim. While the Complaint asserts that Plaintiff is a person with a disability within the meaning of the ADA, it does not claim that she is a qualified individual. Compl. ¶ 108. Plaintiff's Complaint acknowledges that she received numerous write-ups, disciplinary citations, and was placed on several Performance Improvement Plans and probationary status during the evaluation year immediately preceding her termination, and that her annual performance review score dropped dramatically. Compl. ¶¶ 68, 69. Although Plaintiff alleges that some of these write-ups were discriminatory and pretextual, the Complaint does not deny that some of the concerns about Plaintiff's performance correctly questioned her ability to perform her essential job functions.

The Complaint includes one conclusory allegation that Plaintiff performed her essential job functions with reasonable accommodations. Compl. ¶ 19. However, this allegation is unsupported by any factual allegations regarding Plaintiff's actual job performance. "A complaint asserting discrimination under the ADA must provide some allegation specifically

11
Case 5:12-cv-00157-BO   Document 10   Filed 05/21/12   Page 11 of 19

indicating that the plaintiff is qualified to perform the essential function of the job with our without accommodation." *Blackburn*, 733 F. Supp. 2d at 663, quoting *E.E.O.C. v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1012 (N.D.Ill. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). To successfully state a discriminatory discharge claim, Plaintiff must make factual allegations that she was a qualified individual and that raise her right to relief above the speculative level. Here, the Court cannot infer that Plaintiff was a qualified individual or that Plaintiff's Performance Improvement Plans, probationary status, and low annual performance review scores were a pretext for discrimination; to do so would be mere speculation. *See Myers v. Maryland Auto. Ins. Fund*, 2010 WL* 3120070 (D. Maryland) (denying plaintiff's motion for leave to amend and dismissing plaintiff's employment discrimination claim because plaintiff's proposed amended complaint failed to include new factual allegations from which more than the mere possibility of misconduct might be inferred).

     Here, Plaintiff does not allege she was a qualified individual and performing at a standard acceptable to her employer at the time of her termination, nor does she allege any facts to make it plausible that she was performing her essential job functions at the time of her termination. Because Plaintiff fails to allege facts to support this element of her claim, her discriminatory discharge claim should be dismissed.

## IV. PLAINTIFF'S RETALIATION CLAIM UNDER THE ADA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff's retaliation claim should be dismissed because she has failed to plead sufficient facts to support a retaliation claim under the ADA. In order to state a claim for retaliation, a plaintiff must either plead facts that establish sufficient direct or indirect evidence of retaliation, or proceed under a burden-shifting method. *Rhoads v. F.D.I.C.*, 257 F.3d. 373 (4th Cir. 2001). Under the burden-shifting method, to establish a prima facie case of retaliation under the ADA, employee must show that: (1) she engaged in protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action. *Id.* The failure to satisfy any of these elements is fatal to a complaint of retaliation. *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004). Here, Plaintiff has failed to plead facts that establish direct or indirect evidence of retaliation.

Plaintiff's retaliation claim is vague and contains conclusory statements that do not allege a causal connection between her termination and her engagement in any protected activity. Plaintiff's complaint alleges in broad, conclusory terms that the WTCC discriminated against Plaintiff for her opposition and initiation of charges on multiple occasions. However, Plaintiff does not plead any facts to support her allegations. Plaintiff's only factual allegation to support her retaliation claim is a temporal proximity between her lawyer inquiring to WTCC's general counsel's office about the process for filing an EEOC complaint and Plaintiff receiving one of her many performance-based reprimands from her supervisors in a different department. Compl. ¶¶ 88-93. However, Plaintiff does not allege that her supervisors and WTCC's human resources department had any knowledge of Plaintiff's intention to pursue legal action when they issued the reprimands. And, the Complaint acknowledges that some of plaintiff's reprimands were

justified. Compl. ¶¶ 68, 69.  A causal relationship requires more than simple coincidence; causation requires the employer's action be the consequence of the protected activities and of nothing else. *Bray v. Tenax Corp.*, 905 F.Supp. 324, 328 (E.D.N.C. 1995)(granting defendant's motion for summary judgment and dismissing plaintiff's retaliation claim with prejudice, where plaintiff failed to show any causal connection between adverse employment action and her alleged protected activity). Plaintiff's Complaint merely outlines a chronology of events and conclusory allegations of discrimination, but there is no factual support to illustrate a causal connection between any protected activity and an adverse employment action.

Conclusory assertions are insufficient to establish a prima facie case of retaliation. *Nance v. Potter*, 225 F. Supp. 2d 638, 646 (M.D.N.C. 2002), citing *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) (stating that plaintiff's own opinions and conclusory allegations do not have sufficient "probative force to reflect a genuine issue of material fact"). Because Plaintiff makes no factual allegations to show that the adverse employment actions against her were a result of retaliation, this claim should be dismissed.

V. **PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Plaintiff's third claim should be dismissed because Plaintiff has failed to plead sufficient facts to support a claim for intentional infliction of emotional distress ("IIED") under North Carolina state law.  In North Carolina, the essential elements of IIED are "(1) extreme and outrageous conduct by the defendant, (2) which is intended to cause and does in fact cause, (3) severe emotional distress." *Pardassni v. Rack Room Shoes Inc.*, 912 F.Supp. 187, 192 (M.D.N.C. 1996), quoting *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992). In order for a defendant to be liable for IIED, defendant's conduct must exceed "all bounds usually tolerated by decent

14
Case 5:12-cv-00157-BO   Document 10   Filed 05/21/12   Page 14 of 19

society." *Pardassni*, 912 F.Supp. at 192, quoting *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Conduct supporting IIED must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. See e.g. *Payne v. Whole Foods Market Group, Inc.*, 812, F. Supp. 2d 705, 709 (E.D.N.C. 2011)(dismissing plaintiff's IIED claim on the grounds that terminated employee failed to demonstrate that rude, unprofessional behavior from coworkers was extreme or outrageous and that feelings of fear, embarrassment, and humiliation were insufficient to demonstrate severe emotional distress); *Ennett v. Cumberland County Bd. of Educ.*, 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010) (dismissing plaintiff's IIED claim on the grounds that verbal insults, indignities and threats alone do not support a claim of intentional or negligent infliction of emotional distress under North Carolina law).

Whether the alleged conduct is sufficiently extreme or outrageous to support a claim of IIED is a question of law. *Thomas v. Northern Telecom, Inc.*, 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000) (granting employer's motion to dismiss plaintiff's IIED claim and Title VII claim, to the extent the claim is based on disability discrimination, on the grounds that employee's allegations that she was subjected to a hostile work environment and wrongfully terminated do not support an IIED claim). It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of IIED, and North Carolina courts have been particularly hesitant in finding these claims actionable within an employment claim. *See e.g. Northern Telecom, Inc.*, 157 F. Supp. 2d at 635; *Jackson v. Blue Dolphin Communications*, 226 F. Supp. 2d 785, 794 (W.D.N.C. 2002)(holding that plaintiff's allegations that employer's alleged discriminatory conduct resulted in a loss of status in her

15
Case 5:12-cv-00157-BO   Document 10   Filed 05/21/12   Page 15 of 19

community, damage to her professional reputation, and mental and emotional distress were insufficient to support an IIED claim).

Here, Plaintiff's Complaint is not sufficient to establish a claim for IIED. Plaintiff claims that the number of write-ups against her and WTCC's disciplinary procedures constitute conduct that would support this claim. Even assuming these allegations to be true, these actions do not rise to the level sufficient to exceed all bounds usually tolerated in decent society. Giving poor performance evaluations or terminating employees are actions that WTCC carries out in the regular course of supervising employees, not outrageous conduct or conduct outside of the bounds of decent society. *See Pardassni*, 912 F. Supp. 2d at 192 (granting defendant's motion to dismiss on the grounds that defendant's alleged conduct was not sufficiently extreme to support claim for IIED where plaintiff was not provided the same opportunities for professional development as other employees, given disciplinary actions when other employees did not receive reprimands for the same actions, placed on probation, and eventually terminated).

Under North Carolina law, alleged acts of discrimination, including an employer's failure to provide reasonable accommodations to a disabled employee, are not necessarily extreme and outrageous. *Nance,* 225 F. Supp. 2d at 644. Further, termination that is allegedly in violation of federal law does not constitute extreme and outrageous conduct. *Blue Dolphin Communications*, 226 F. Supp. 2d at 784. Even if this Court construes Plaintiff's allegations in the most favorable light and assumes her allegations of discrimination to be true, case law supports a conclusion that WTCC's conduct does not rise to the level to support a claim of IIED.

## VI. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED BECAUSE PUNITIVE DAMAGES CANNOT BE RECOVERED AGAINST WTCC AS A MATTER OF LAW.

Lastly, Plaintiff's Complaint included a prayer for relief for an award of monetary damages, including punitive damages. The claim for punitive damages should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because punitive damages cannot be recovered against a governmental entity such as WTCC. Community colleges in North Carolina are created by statute as agencies of the State. *See* N.C. Gen. Stat. § 115D-1 *et seq.* They receive financial support from the State, and oversight is provided by the State Board of Community Colleges and the Community Colleges System Office, which is made a "principal administrative department of State government" by statute. N.C. Gen. Stat. § 115D-31; N.C. Gen. Stat. §§ 115D-2.1 and 115D-3.

The remedies available under Title VII of the Civil Rights Act of 1964 are applicable to actions under the ADA. *Baird ex rel. Baird v. Rose,* 192 F.3d 462, 472 (4th Cir.1999). While Title VII provides for punitive damages, the statute explicitly states that punitive damages are "not available against a government, government agency or political subdivision." 42 U.S.C. § 2000e5, 42 U.S.C. § 1981a(b)(1). As a government entity and political subdivision as a matter of North Carolina law, punitive damages are not, therefore, available to Plaintiff against WTCC on her ADA claim. It is also well-settled law in North Carolina that punitive damages may not be awarded against an agency of the State. *Ripellino v. North Carolina School Bds. Assoc.*, 158 N.C. App. 423, 431, 581 S.E.2d 88, 94 (2003). Because WTCC is a government entity, Plaintiff's demand for punitive damages should be dismissed.

17
Case 5:12-cv-00157-BO   Document 10   Filed 05/21/12   Page 17 of 19

## **CONCLUSION**

For the reasons stated above, WTCC respectfully requests that its Motion to Dismiss this action be granted.

This the 21st day of May 2012.

/s/ Benita N. Jones
Kathleen Tanner Kennedy
NC State Bar No. 28113
Benita N. Jones
NC State Bar No. 40263
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 28602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: kkennedy@tharringtonsmith.com
bjones@tharringtonsmith.com
ATTORNEYS FOR DEFENDANT
WAKE TECHNICAL COMMUNITY COLLEGE

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss** was filed using CM/ECF, which will send notification of such filing to the following:

Craig Hensel
4642 West Market Street, #305
Greensboro, NC 27407
craig.hensel@hensellaw.com
*Attorney for Plaintiff*

This the 21st day of May 2012.

/s/ Benita N. Jones
Kathleen Tanner Kennedy
NC State Bar No. 28113
Benita N. Jones
NC State Bar No. 40263
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 28602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: kkennedy@tharringtonsmith.com
bjones@tharringtonsmith.com
ATTORNEYS FOR DEFENDANT
WAKE TECHNICAL COMMUNITY COLLEGE